[The opinions reported in this Supplement were held back upon petitions for re-hearing, and did not come into my hands in time for insertion in their chronological order.—Reporter.]

## Johnston Harvester Co. v. Cibula.

1. **Fraudulent Conveyance**: FROM MOTHER TO SONS: EVIDENCE ESTABLISHING. The evidence in this case considered, and *held* to justify the trial court in decreeing that a conveyance of land by a mother to her sons should be set aside as being in fraud of her creditors.

*Appeal from Tama District Court.*

FRIDAY, OCTOBER 5, 1882.

THIS is a creditors' bill alleging, in substance, that Martin and Mary Cibula were husband and wife, and that, being largely indebted, they conveyed certain real estate described in the petition to their two sons, Frank and John, who are made defendants, for the purpose of hindering and defrauding the creditors of the said Martin and his wife. The court found for the plaintiff, and defendants appeal.

*Lamb & Bros.* and *Wright, Cummins & Wright*, for appellants.

*J. J. Mosnat* and *W. H. Stivers*, for appellee.

SEEVERS, CH. J.—Possibly, as is claimed, owing to the fact that the defendants and the material witnesses introduced by the parties understand the English language indifferently, the case is, so far as the evidence is concerned, obscurely presented. It is exceedingly difficult to ascertain with certainty the facts established thereby. It seems to be undisputed that the defendant, Mary Cibula, was the owner of one hundred and sixty acres of land, which she conveyed to her two sons, in consideration of their paying her $400, and assuming to pay a mortgage on the real estate conveyed for $1,200. There is evidence tending to show that the $400

was paid by the sale of grain raised on the land. It does not clearly appear to whom the land belonged when the grain was produced, but we are induced to think the land at that time belonged to Mrs. Cibula; but the defendants, or one of them, may have leased it of her. It is conceded that, at the time the conveyance was made, Mrs. Cibula was indebted to the plaintiff and at least one other person. The amount was not large. Possibly it did not exceed $150. There is no positive and direct evidence that the boys, Frank and John, had any knowledge of such indebtedness. In fact, they testify that they had no such knowledge, and there is no evidence to the contrary, except inferences that may be drawn from the relation of the parties. The amount Frank and John bound themselves to pay for the premises was $1,600. There are but two witnesses that testify as to the value of the same, one of whom is the defendant, John, who states, when asked what the land was worth, " I don't know." When asked, "How much do you think?" he replied, "I think about $5 an acre." This evidence is very unsatisfactory, and the thought that the land is worth more than the answer stated is not negatived. If the land was worth only the amount stated, then Frank and John Cibula bound themselves to pay twice as much as it was worth. The other witness states that the land was fully worth $20 per acre at the time the conveyance was made. This witness we judge to be entirely disinterested, and we think the land is worth the amount he states; such amount being twice as much as the defendants bound themselves to pay.

It does not clearly appear, but we suppose the mortgage was a prior lien. All that the defendants, Frank and John, therefore, have invested in the premises is $400, and we feel constrained to hold the conveyance to them to be fraudulent and void as to the excess in value of the premises above the mortgage and the amount paid by them. The premises are amply sufficient to pay the plaintiffs and the mortgage, and to reimburse the defendants, Frank and John. The evi-

dence of the defendants is so unsatisfactory that the transaction cannot, we think, be upheld. It is possible that this is the misfortune of the defendants, and caused by their inability to explain themselves fully in our language. But we are impressed with the belief that it sufficiently appears from the evidence of the defendants that the transaction is not an honest one, but made with intent to hinder and delay creditors. In the petition, the plaintiffs seek to subject the land to the payment of a judgment in favor of one Odwarker against the defendant, Martin. We find no evidence in the abstract that there is such a judgment in existence. We take it for granted that it was not embraced in the decree below. If it was, there must be a modification in this respect. Until we are advised by counsel that such modification is required, we will simply affirm the judgment below.

AFFIRMED.